Kola v. Lynch

BIA
Wright, IJ
A200 172 957

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand sixteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*
_____

GENTJAN KOLA, AKA THEODHOROS
STENIDIS
        *Petitioner,*
        v.                                          15-890
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Gentjan Kola, pro se, Warren,
                         Michigan.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Jesse M.
                         Bless, Senior Litigation Counsel;
                         Neelam Ihsanullah, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gentjan Kola, a native and citizen of Albania, seeks review of a March 10, 2015, decision of the BIA affirming a March 7, 2013, decision of an Immigration Judge ("IJ") denying Kola's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gentjan Kola,* No. A200 172 957 (B.I.A. Mar. 10, 2015), *aff'g* No. A200 172 957 (Immig. Ct. N.Y. City Mar. 7, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed "the IJ's decision, including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Kola's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the

2

circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies between the applicant's statements and other evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Here, the IJ reasonably relied on Kola's demeanor, his lack of corroborating evidence, and inconsistencies among his testimony, asylum application, and documentary evidence in reaching the adverse credibility determination.

"[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006). Accordingly, we grant "particular deference" in applying the substantial evidence standard to credibility findings based on demeanor. *Shu Wen Sun v. BIA*, 510 F.3d 377, 380-81 (2d Cir. 2007). The IJ's demeanor findings, that Kola struggled to answer questions

3

regarding dates, offered vague testimony, and exaggerated his testimony on at least one occasion, are supported by the record.

The demeanor finding and the adverse credibility determination as a whole are further supported by specific inconsistencies in the record identified the by IJ. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). For instance, Kola was inconsistent as to medical care following an alleged January 2011 arrest. He testified that when he was released from police custody, a doctor named Dava Ejaku visited his house several times; Kola denied going to a hospital. However, he submitted a medical report stating that he was treated in a medical institution by a Dr. Ela Reci. Kola was unable to provide any plausible explanation for these discrepancies, other than stating that he had made a mistake, did not understand the document, and could acquire a document from Dr. Ejaku.

Kola also omitted material information from his application. He testified that he was fined and beaten for

4

being an election monitor, specifically that opposition members came to his house, demanded payment, and beat him. His asylum application omits any mention of a beating. This omission strongly supports the adverse credibility determination because it relates to "an example of the very persecution from which [Kola] sought asylum." *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (internal quotation marks omitted); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent."). While the IJ was mistaken in finding that Kola had backtracked from this testimony (the IJ relied on testimony regarding the previous day's activities), this limited error does not require a remand: the other findings, particularly the inconsistencies regarding the beating and medical care, make clear that the result would not have changed absent the error. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401-02 (2d Cir. 2005) (holding that remand is unnecessary when it is "clear that the same decision would have been reached in the absence of the errors").

As the IJ found, Kola's lack of corroborating evidence further undermined his credibility. *See Biao Yang v. Gonzales*,

5

496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Kola failed to provide evidence that his car was bombed despite asserting that he had reported the bombing to authorities and had evidence of it. Also, Kola failed to provide a statement from his brother, who allegedly suffered the same persecution Kola did. And, the IJ reasonably gave limited weight to a letter from Kola's father because it was from an interested witness not subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the discretion of the agency); *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to the agency's decision to afford little weight to a relative's letter).

Given the inconsistencies, demeanor finding, and lack of corroboration, substantial evidence supports the agency's adverse credibility determination, which is dispositive of all of Kola's claims for relief. *See Xiu Xia Lin*, 534 F.3d at 167;

6

*Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Moreover, because Kola did not challenge the IJ's denial of CAT relief before the BIA or in his brief, the claim is also unexhausted and waived. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007). Finally, Kola's argument that the IJ was prejudiced is not supported by the record. An adverse ruling, on its own, does not constitute judicial bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk